## GARDENHIRE v. VINSON.

1. NEW TRIAL: *Petition for, after end of term, for unavoidable casualty.*
  A recovered judgment, by default, against B. After the end of the term, B filed his petition for a new trial, on the ground of unavoidable casualty, preventing him from making defense to the action, in this: Before he was served with summons, he cut his foot, which detained him at home, and, part of the time, in bed, so as to prevent his personal attention to the suit: *Held,* not sufficient to vacate the judgment and grant a new trial.

2. PRACTICE: *New trial improperly granted at subsequent term.*
  When a judgment is improperly set aside and a new trial granted at a subsequent term, resulting in a different judgment, this last judgment will, upon appeal to this court, be reversed and the first judgment reinstated and executed.

Gardenhire v. Vinson.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*Henderson & Caruth*, for appellant:

*Sections 3598 and 3599 of Gantt's Digest* must be construed with *section 3596*, when considering the *power of the court*, and the grounds upon which that power may be exercised.

Although Vinson's petition, *on its face*, showed grounds to set aside the judgment, under the seventh subdivision of *section 3596*, yet he showed no meritorious defense to the original action. The plea of failure of consideration was bad, under the Code, and a judgment by default will not be set aside to let in the plea of limitation. *5 Ark., 183; 9 ib., 354; 6 ib., 447; 11 ib., 301; 27 Ark., 500; Seymour v. Miller, 32 Conn., 402; McCall v. Hitchcock, 9 Bush. (Ky.), 66; 1 Gra. & Wat. New Trials, p. 162.*

"*Unavoidable* casualty" alone is not sufficient to set aside a judgment; a meritorious defense, supported by affidavits, must be shown. *Ten Broek v. Woolsey, 3 Cain R., 100; Gra. & Wat. New Trials, 162-3-4-5; Miracle v. Lancaster, 46 Iowa, 179.*

*The court below never adjudged that there was a valid defense*, as required by *section 3599.*

The evidence fails to show unavoidable casualty, within the meaning of the statute, and the burden of proof was on him.

*Butler & Neill*, for appellee:

Appellee offered a valid defense to the action. (*9 Ark., 354.*) The authorities cited by appellant's counsel were made while *chapter 133, section 78 of Gould's Digest*, was in force. The law is now different. (*Gantt's Digest, section*

*3596, subdivision 7, and section 3599.*) These sections are remedial, and should be liberally construed.

The vacating order was rendered in pursuance of *section 3598.* Gardenhire had the right to appeal from the order, but did not. (*Section 1055, second subdivision.*) And the vacating order is not before this court.

The verdict is well supported by the evidence.

SMITH, J.    Gardenhire recovered a judgment, by default, against Vinson, on a promissory note, for $1,700. After the lapse of the term, Vinson filed his petition in the same court, to vacate said judgment, upon the ground that he had been prevented from defending the action, by unavoidable casualty and misfortune. With his petition he tendered an answer to the original complaint, disclosing that his defenses were, the statute of limitations, and that the note had been obtained upon a fraudulent settlement of partnership accounts. Gardenhire filed an answer to this petition, traversing the allegation that Vinson was prevented from defending, by unavoidable casualty. The court opened the default, redocketed the original case, and, after a jury trial, and a verdict for Vinson, rendered a judgment against Gardenhire for costs.

Exceptions to the action of the court in vacating the judgment and reinstating the cause, as also to the subsequent proceedings, were duly saved by bill of exceptions.

The misfortune which, it was claimed, precluded Vinson from making his defense was, that, before the service of process upon him, he had severely cut his foot, and, thenceforward, and until after the adjournment of the court, he was either confined to his bed, or able to move around only by the assistance of others, or upon crutches. He resided at a distance of eight miles from the county seat. But his mind was not affected; he was not even under the care

of a physician; and he was in the habit, during his affliction, of going to church, five miles away from his home.

The evidence leaves the impression upon us that the action was undefended, not on account of Vinson's injury, but because he neglected to read the summons which was left with him. For, at the same time that process was served in this action, the Sheriff came also to levy an execution upon a judgment which Gardenhire had obtained against Vinson in another action. Vinson supposed that the process related to the former judgment; hence, he took no steps to prepare his defense. This was his own mistake, and not unavoidable casualty.

As was said by the Supreme Court of Iowa, in *Miracle v. Lancaster*, *46 Iowa*, *179*, which arose upon a statute substantially the same as ours: "The evidence as to the defendant's sickness, and his incapacity to look after his business interests, at the time of and before the default, is not of such satisfactory character as to warrant us in interfering with the judgment for that reason."

Vinson could have retained counsel. His personal presence in the court-house was not necessary. And, if it had been, it would have been easy to obtain a continuance upon an affidavit as to his physical condition.

The court erred in setting aside the judgment in the original action upon the showing made, and the order vacating said judgment, together with all the subsequent proceedings had therein, including the judgment discharging Vinson, are reversed and set aside, and the original judgment, in favor of Gardenhire, against Vinson, is ordered to stand for execution.